## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

KEITH T. FINLEY,

        Plaintiff,

                                 CIVIL ACTION
    v.                             CASE NO. 12-02197-WGY

KONDAUR CAPITAL CORPORATION,
WMC MORTGAGE CORPORATION,
BAC HOME LOAN SERVICING LP,
SHAPIRO & KIRSCH, LLP,
& MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

        Defendants.

## MEMORANDUM AND ORDER

## I.    INTRODUCTION

The motions to dismiss by defendants Kondaur Capital

Corporation ("Kondaur"), Mortgage Electronic Registration

Systems, Inc. ("MERS"), and Shapiro & Kirsch, LLP ("Shapiro &

Kirsch") stem from a seven-count complaint by plaintiff Keith T.

Finley ("Finley"). Finley filed this complaint in response to

foreclosure proceedings initiated by Kondaur. In December 2006,

Finley executed a mortgage with WMC Mortgage Corporation ("WMC"),

and MERS acted as nominee. The mortgage was securitized, placed

into a real estate investment trust, and later assigned to

1

Kondaur. Kondaur, with the aid of its attorneys at Shapiro & Kirsch, attempted to foreclose on the property in May 2010.

There are several issues for this Court to address. First, this Court must address Finley's motion for leave to amend his complaint. Next, this Court must address the timeliness of the defendants' motions to dismiss. Third, this Court must address the merits of the original complaint. Finally, this Court must address whether Finley can remove a state unlawful detainer case to this Court and whether this Court should enter default against WMC and BAC Home Loan Servicing, LP ("BAC"), who have not made any appearances or filings. Each matter is addressed in turn.

## A. Procedural Posture

Finley, proceeding pro se, filed his original complaint on February 17, 2012, in state court in Shelby County, Tennessee. Notice Removal, Ex. A, Compl. ("Original Compl."), ECF No. 1-1. Finley alleged seven causes of action relating to foreclosure proceedings on his home. Id. at 9-14. He brought these claims against five defendants: Kondaur, WMC, BAC, Shapiro & Kirsch, and MERS (collectively, the "Defendants"). Id. Kondaur filed a timely notice of removal on March 9, 2012, on the grounds of federal question jurisdiction and supplemental jurisdiction, Notice Removal ("Defs.' Removal"), ECF No. 1, to which Shapiro & Kirsch joined and consented, Notice Joinder Consent Removal, ECF No. 6. Finley objected to removal, filing his opposition on

2

March 26, 2012. Pl.'s Reply Objection Defs.' Mot. Removal, ECF No. 10. Kondaur, joined by MERS, and Shapiro & Kirsch filed replies on April 9, 2012, and April 10, 2012, and Finley again responded on April 27, 2012. Defs.' Resp. Pl.'s Mot. Remand, ECF No. 11; Resp. Shapiro & Kirsch, LLP Pl.'s Reply Objection Defs.' Mot. Removal, ECF No. 12; Pl.'s Opp'n Def.'s Resp. Mot. Remand, ECF No. 15; Pl.'s Opp'n Defs. Shapiro & Kirsch, LLP Resp. Against Pl.'s Reply Opp'n Defs. Mot. Removal, ECF No. 16.

On March 23, 2012, Kondaur and MERS filed a joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss Pl.'s Compl., ECF No. 7; Mem. Supp. Defs.' Mot. Dismiss Pl.'s Compl. ("Kondaur Mem. Supp. Mot. Dismiss"), ECF No. 7-1. Shapiro & Kirsch filed its motion to dismiss on April 10, 2012. Mot. Dismiss Shapiro & Kirsch, LLP, ECF No. 13; Mem. Law Supp. Mot. Dismiss Shapiro & Kirsch, LLP, ECF No. 13-1. Finley opposed these motions on April 20, 2012. Pl.'s Opp'n Def.'s Mot. Dismiss, ECF No. 14. Kondaur and MERS replied on May 7, 2012. Reply Br. Supp. Defs.' Mot. Dismiss, ECF No. 17.

Additionally, on June 1, 2012, Kondaur filed a complaint against Finley in state court, and the Shelby County Sheriff served Finley with an unlawful detainer warrant on June 2, 2012. Notice Removal Fed. Ct. ("Finley Removal") 1, ECF No. 20; Notice Removal Fed. Ct., Ex. A, Summons Detainer Warrant No. F 1561185 ("Detainer Warrant"), ECF No. 20-2. Finley filed a notice of

3

removal to this Court on July 2, 2012. Finley Removal. Kondaur
and MERS objected to this removal on July 16, 2012. Defs.' Resp.
Objection Pl.'s Notice Removal Unlawful Detainer Case, ECF
No. 21. Shapiro & Kirsch also objected on July 17, 2012.
Resp./Objection Shapiro & Kirsch, LLP Pl.'s Notice Removal
Unlawful Detainer Case, ECF No. 23. Finley responded to these
objections on July 30, 2012. Pl.'s Opp'n Defs. Resp. Objection
Notice Removal Unlawful Detainer Case, ECF No. 25.

Finally, on July 13, 2012, Finley moved for leave to amend
his original complaint and attached the amended complaint to this
motion. Mot. Leave Amend Compl., ECF No. 22; First Am. Compl.
Pl. Against Defs.' Fraud Under FRCP 15(a) ("First Am. Compl."),
ECF No. 22-2. Kondaur, MERS, and Shapiro & Kirsch all opposed
this motion. Resp. Br. Shapiro & Kirsch, LLP Pl.'s Mot. Amend
Compl., ECF No. 24; Defs.' Resp. Pl.'s Mot. Amend Compl., ECF
No. 26. Finley responded to each opposition on August 13, 2012,
and August 20, 2012. Pl.'s Opp'n Defs. Resp. Requesting Ct. Den.
Grant Leave Amend Compl., ECF No. 27; Pl.'s Opp'n Defs. Resp.
Requesting Ct. Den. Grant Leave Amend Compl., ECF No. 28.

To date, this Court has received no filings or appearances
on behalf of WMC or BAC.

## B.   Facts as Alleged

The following facts are drawn from Finley's original
complaint. Finley executed a mortgage note with WMC on November

4

20, 2006, for $107,200.[1]  Original Compl. ¶¶ 16-17.  MERS acted
as WMC's nominee on the mortgage.  Id. ¶ 21.  The mortgage was
then sold and securitized as a Real Estate Mortgage Investment
Conduit Trust ("REMIC"), and Kondaur and BAC acted as trustees.
Id. ¶¶ 22, 25, 27.  At some time prior to the foreclosure, MERS
assigned the mortgage to Kondaur.  Id. ¶¶ 63-66.  Eventually,
Finley defaulted on the mortgage.  Id. ¶ 44.  Kondaur then
allegedly assigned the mortgage to Shapiro & Kirsch for the
latter to take foreclosure action.  Id. ¶ 70.  None of the
alleged transfers were ever disclosed to Finley.  Id. ¶¶ 13(IV),
24, 59, 64.  After he learned of the foreclosure proceedings,
Finley sent several letters to the Defendants requesting more
information but received no response.  Id. ¶ 20.

## C.   Federal Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1441, 28
U.S.C. § 1331, and 28 U.S.C. § 1367, because three of the claims
in the action are made pursuant to federal law, and the four
state law claims are drawn from the same case or controversy.

## II.  ANALYSIS

### A.   Finley's Motion for Leave to Amend His Complaint

Finley moved for leave to amend his complaint on July 13,
2012.  Mot. Leave Amend Compl.  Under Federal Rule of Civil

---

[1] In Finley's amended complaint, the date of the mortgage is
December 20, 2006.  First. Am. Compl. 7.

Procedure 15(a)(2), "[t]he court should freely give leave [to amend the complaint] when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion."). What justice does not require, however, is leave to amend the complaint where such "amendment would be 'futile.'" Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005) (quoting Foman, 371 U.S. at 182). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Id. at 817 (quoting Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)).

## 1. Finley's Amended Complaint as Compared to His Original Complaint

Finley's amended complaint differs from his original complaint in two ways. First, it lists six counts, only one of which is a federal claim: (1) securitization, (2) discovery, (3) fraud, (4) implied acceptance, (5) common law fraud and injurious falsehood, and (6) violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692. First Am. Compl. 9-27. Finley's original complaint, however, listed seven counts, three of which are federal claims: (1) disclosure violations pursuant to 15 U.S.C. § 1635, (2) fraud and misrepresentation under the Tennessee Unfair Trade Practices Act, (3) negligent

6

supervision, (4) common law fraud and injurious falsehood, (5) disclosure violations under 12 C.F.R. § 226, (6) violations of the FDCPA, and (7) slander of title and quiet title. Original Compl. 9-14.

Second, the amended complaint alleges several new facts. Finley provides this Court with the date of the original mortgage, December 20, 2006, the date of the assignment to BAC, May 10, 2010, and the date on which foreclosure proceedings began, originally May 7, 2010. First Am. Compl. 7. Finley also notes that the notice of default was re-recorded on May 10, 2010. Id. He also provides some facts with respect to the severance of the note and the mortgage. Id. at 8.

## 2. Amendment Is Futile

None of the allegations contained in Finley's amended complaint would survive a motion to dismiss in this Court. See Miller, 408 F.3d at 817. As discussed above, if an amendment to a complaint is futile, this Court need not grant leave to amend that complaint even under the lenient standard set forth in Federal Rule of Civil Procedure 15(a)(2). Id. Further, while this Court holds Finley's complaint to "less stringent standards than formal pleadings drafted by lawyers" because he proceeds pro se, Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), this leniency "has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). The complaint must still satisfy the pleading

7

standards of <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544 (2007),
which hold that a complaint must state a claim that is plausible
on its face. 550 U.S. at 564.

Finley's amended complaint fails to meet this standard.
Counts I, II, and IV are not actionable claims under Tennessee
state law or federal law. Counts III and V, the fraud and
injurious falsehood claims, have not been pled with sufficient
particularity under Federal Rule of Civil Procedure 9(b).
Finally, Finley alleged no facts supporting an FDCPA claim under
Count VI.

### a. Counts I, II, and IV Would Fail Because They Are Not Actionable Under Tennessee State Law or Federal Law

Finley's claims for securitization (Count I), discovery
(Count II), and implied acceptance (Count IV) are not actionable
as pled. First, mortgage securitization is not, as Finley
alleges, an inherently illegal act. He mistakenly argues that a
mortgage note, once securitized, can never be used to foreclose
on a property, that ownership interests in the particular note
vanished once the note entered the REMIC, and that the Uniform
Commercial Code dictates that no istrument other than the
original promissory note is legal and binding. First Am. Compl.
9-12. Mortgage securitization, though often problematic, is a
highly regulated and perfectly legal market in the United

8

States.[2] Finley includes no explanation of which legal precedents forbid the securitization of a mortgage as was done here and thus gives this Court no basis on which to proceed on Count I.

Second, discovery is not a claim one can make in a complaint; it is a process litigants undertake after they have filed their initial pleadings and dispositive motions. See Fed. R. Civ. P. 26-37.

Finally, in Count IV, Finley argues that the Defendants' failure to respond to his letters of inquiry shows their "implicit admittance on their behalf of not being the real owner." First Am. Compl. 21-22. The Defendants claim, however, that they never received these letters with the original complaint. Kondaur Mem. Supp. Mot. Dismiss 3. Additionally, Finley states no facts showing that such letters were delivered, and cites no law for this Court to use in evaluating his claim. Id.; see also First Am. Compl. 21-22. There simply is no statute or case law supporting Finley's legal conclusion.

The remainder of Finley's allegations with respect to these three Counts address the "mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage

---

[2] Charles K. Whitehead, Reframing Financial Regulation, 90 B.U. L. Rev. 1 (2010) (discussing the changes - and problems - in financial markets throughout the past thirty years and analyzing the current regulatory schemes for asset-backed securities and other securities instruments).

9

industry and its processes as a whole," without specific facts showing how those processes affected Finley. See Samples v. Bank of Am., N.A., No. 3:12-CV-44, 2012 WL 1309135, at *3-4 (E.D. Tenn. Apr. 16, 2012) (Varlan, J.) (dismissing complaint for failure to assert specific factual allegations, including failure to allege the defendant's wrongful conduct and its impacts on the plaintiff, and because the causes of action fail as matter of law). Where, as here, the claims are no more than general arguments against the mortgage industry, those claims must be dismissed. See Brewster v. Wells Fargo Bank, N.A., No. 11-1232-JDB-egb, 2012 WL 4024749, at *3 (W.D. Tenn. Sept. 12, 2012) (Breen, J.) (concluding that a complaint must be dismissed when it is so verbose that it is difficult for a court and the defendant to identify the claims).

### b. Counts III and V Would Fail Because They Are Not Pled with Sufficient Particularity

Counts III and V address fraud and injurious falsehood. First Am. Compl. 13, 22. Common-law fraud in Tennessee contains the following elements: (1) "a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or obtain an undue advantage," (2) knowledge of falsity, (3) fraudulent intent, (4) an existing, material fact, and (5) reasonable reliance. First Nat'l Bank of Louisville v. Brooks Farms, 821 S.W.2d 925, 927 (Tenn. 1991). Under Federal

10

Rule of Civil Procedure 9(b), a complaint must state with particularity the acts constituting fraud. Fed. R. Civ. P. 9(b).

The amended complaint contains six statements alleging specific acts of fraud, such as "robo signing," attempting to foreclose using a securitized mortgage, assigning the mortgage to another entity without valid right to title, and forging of documents. First Am. Compl. ¶¶ 14-15, 17, 19, 21. These facts, supplemented by sporadic, generalized assertions of fraud, constitute the entirety of the amended complaint's specific pleadings of fraud. These "broad and conclusory allegations" do not tell this Court the date on which these alleged actions occurred, the specific ways in which Finley relied upon those actions, or how any of the Defendants possessed the requisite fraudulent intent. See Walburn v. Lockheed Martin Corp., 431 F.3d 966, 971-72 (6th Cir. 2005) (upholding the dismissal of a complaint that only stated "broad and conclusory allegations," which were "legally insufficient under Rule 9(b)"); Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993).

Finley also does not sufficiently plead injurious falsehood. Under Tennessee law, the tort of injurious falsehood requires the plaintiff to establish that "one who publishes a false statement harmful to the interests of another . . . intend[ed] for publication of the statement to result in harm, . . . [or] recognizes or should recognize that it is likely to do so,

11

and . . . knows that the statement is false or acts in reckless disregard of its . . . falsity." Wagner v. Fleming, 139 S.W.3d 295, 302 (Tenn. Ct. App. 2004) (emphasis omitted). Finley does not allege the publication of a false statement by any of the named defendants and therefore has failed to state a claim for injurious falsehood.

### c. Count VI Would Fail Because Finley Alleges No Facts to Support His FDCPA Claim

Finley alleges no facts supporting his FDCPA claim. The provisions of the FDCPA to which Finley refers - 15 U.S.C. §§ 1692e, 1692f, and 1962k - do not apply to creditors but rather to debt collectors. Montgomery v. Huntington Bank, 346 F.3d 693, 698 (6th Cir. 2003). A creditor is one "who offers or extends credit creating a debt or to whom a debt is owed, but . . . does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Moreover, a debt collector does not include a creditor's officers or employees who act in the creditor's name, id. § 1692a(6)(A), or any person who obtained a debt which was not in default at the time it was obtained, id.

§ 1692a(6)(F)(iii). Finley does not allege facts showing that the named Defendants are debt collectors. In fact, the amended complaint removes any allegations regarding the Defendants' status as debt collectors. Without facts regarding how the FDCPA

12

applies to the Defendants, who likely would be considered creditors under the FDCPA, this claim would fail. See Collins v. Mortg. Elec. Registration Sys., Inc., No. 3:11-cv-00264, 2012 WL 610191, at *7 (M.D. Tenn. Feb. 24, 2012) (Knowles, M.J.). Because none of the amended claims would survive a motion to dismiss, amendment is futile, and therefore this Court denies Finley's motion for leave to amend his complaint.

## B. Timeliness of the Motions to Dismiss the Original Complaint

Finley attacks as untimely Kondaur, MERS, and Shapiro & Kirsch's motions to dismiss his original complaint. Pl's Opp'n Defs.' Mot. Dismiss 1-2. According to Federal Rule of Civil Procedure 81(c)(2)(A)-(C), responsive pleadings or other motions in removed actions must be filed twenty-one days after the defendant receives a copy of the initial pleading, twenty-one days after the defendant is served with the initial pleading, or seven days after removal, whichever is the latest. Fed. R. Civ. P. 81(c)(2)(A)-(C).

Shapiro & Kirsch acknowledged receipt of service on February 23, 2012, and the case was removed to this Court on March 9, 2012. Notice of Removal, Ex. 1, Return Serv. Summons 19, ECF No. 1-1; Defs.' Removal 1. Yet Shapiro & Kirsch only moved to dismiss the complaint on April 10, 2012. Mot. Dismiss. Shapiro & Kirsch, LLP. Under Federal Rule of Civil Procedure 81(c)(2)(B), Shapiro & Kirsch had to file its motion to dismiss twenty-one

13

days after it received service (by March 13, 2012). Under

Federal Rule of Civil Procedure 81(c)(2)(C), Shapiro & Kirsch had

to file its motion seven days after this case was removed (by

March 16, 2012). Because Shapiro & Kirsch filed its motion to

dismiss on April 10, 2012, almost a month after either of these

dates, its motion must be denied as untimely.

Based upon the available information regarding Kondaur and

MERS's motion to dismiss, however, their motion is timely.

Kondaur and MERS assert that they received service on March 2,

2012, and March 5, 2012, respectively. Reply Br. Supp. Defs.'

Mot Dismiss 2. They filed their joint motion on March 23, 2012,

which is exactly twenty-one days after they allege they received

service. Id. Moreover, Finley has not provided proof of return

of service to establish an earlier date on which Kondaur and MERS

were served with process. The Court therefore assumes this

motion is timely.

### C. The Original Complaint[3]

#### 1. Count I, Disclosure Violations Under 15 U.S.C. § 1635, Is Dismissed

Finley first alleges the Defendants engaged in disclosure

violations under 15 U.S.C. § 1635 of the Consumer Credit

---

[3] Because Shapiro & Kirsch has not timely filed its motion
to dismiss, and because WMC and BAC have not made any appearances
or filings in this case, the discussion below does not address or
encompass the disposition of Finley's claims with respect to
those defendants. Rather, it focuses only on whether each count
in the original complaint is dismissed as to Kondaur and MERS.

Protection Act. Original Compl. ¶¶ 85-90. The disclosure requirements in this section pertain to the obligor's right to rescind; in the course of a consumer credit transaction, the creditor must disclose the obligor's right to rescind that transaction. 15 U.S.C. § 1635(a).

The factual allegations in the original complaint do not contain any mention of rescission or disclosures by any of the Defendants to Finley with respect to his right to rescind. The only allegations which discuss disclosures are his statements that no one told him of any mortgage assignments, Original Compl. ¶¶ 13(IV), 24, 59, 64, and his statement that the "[n]ote was unduly confusing and written in such a manner as to confuse Plaintiff and for the purpose of drawing Plaintiff into a default," id. ¶ 57. These statements do not mention his right to rescind, which individual defendant is responsible for drafting the note to be "unduly confusing," or how the Defendants' alleged actions relate to the disclosure requirements of 15 U.S.C. § 1635(a). In short, Finley has not alleged sufficient facts to state a claim upon which relief can be granted, and Count I is dismissed.

## 2. Count II, Fraud and Misrepresentation Under the Tennessee Unfair Trade Practices Act, Is Dismissed

Next, Finley alleges that the Defendants committed fraudulent acts and misrepresentations under the Tennessee Unfair Trade Practices and Unfair Claims Settlement Act of 2009, Tenn.

Code Ann. § 56-8-101. Original Compl. ¶¶ 91-98. The purpose of this Act "is to regulate trade and claims settlement practices in the business of insurance." Tenn. Code Ann. § 56-8-101(b). As Finley alleges no actions respecting the business of insurance, Count II is dismissed.

### 3. Count III, Negligent Supervision, Is Dismissed

Finley claims that the Defendants are liable for negligent supervision of their employees. Original Compl. ¶¶ 99-106. Under Tennessee law, in addition to the traditional elements of negligence (duty, breach, causation, and damages), a plaintiff claiming negligent supervision must show "that the employer had knowledge of the employee's unfitness for the job." Doe v. Catholic Bishop for Diocese of Memphis, 306 S.W.3d 712, 717 (Tenn. App. Ct. 2008). The statute of limitations for tort actions such as negligent supervision is one year. Id. at 718; Tenn. Code Ann. § 28-3-104.

Here, the complaint states no specific acts which the Defendants are alleged to have taken, when those acts occurred, or which defendants are liable under this claim. Moreover, even assuming arguendo that a cause of action accrued at the time the foreclosure proceedings began, on May 10, 2010, Finley's complaint was filed more than one year later, on February 17, 2012. See Original Compl. Therefore, Count III is dismissed as untimely.

16

## 4. **Count IV, Common Law Fraud and Injurious Falsehood, Is Dismissed**

### a. **The Common Law Fraud Claim Is Dismissed**

Finley alleges in Count VI both common law fraud and injurious falsehood. Id. ¶¶ 107-114. As discussed above, a plaintiff bringing a common law fraud claim in Tennessee must establish that: (1) "a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or obtain an undue advantage," (2) the defendants knew the statement was false, (3) the defendant possessed fraudulent intent, (4) the statement concerned an existing, material fact, and (5) the plaintiff exercised reasonable reliance on the defendant's statement. First Nat'l Bank of Louisville, 821 S.W.2d at 927. Under Federal Rule of Civil Procedure 9(b), a complaint must state with particularity the acts constituting fraud. Fed. R. Civ. P. 9(b).

In his original complaint, Finley states four alleged actions which constitute fraud. Finley accuses "the lender" of securities fraud because the lender claims an interest in the loan after the loan was securitized. Original Compl. ¶ 32. He also states that naming MERS as nominee of the original mortgage "was done for the purposes of deception, fraud, and confusing - and therefore harming - the Plaintiff." Id. ¶ 67. Next, Finley states that securitization of his mortgage into the REMIC constitutes securities fraud. Id. ¶ 43. His only other

statement expressly discussing the Defendants' alleged fraud is
the generalization that "[a]ll Defendants engaged in continuous
and multiple unfair and deceptive trade practices, fraud and
misrepresentations that affected interstate commerce and
proximately caused the herein injuries to the Plaintiff." Id.
¶ 12.

These claims are general, sweeping statements about the acts
of the Defendants as a whole, how the mortgage was securitized,
and what Finley believes legally constitutes fraud. See Walburn,
431 F.3d at 971-72. Nowhere does the complaint "allege the time,
place, and content of the alleged misrepresentation on which
[Finley] relied." See Coffey, 2 F.3d at 161-62 (quoting Ballan
v. Upjohn Co., 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)).
Without more, this claim must be dismissed for failure to plead
with particularity the Defendants' fraudulent acts.

### b. The Claim for Injurious Falsehood Is Dismissed

Additionally, Finley does not sufficiently plead injuriouis
falsehood. He does not allege that any of the Defendants
"publishe[d] a false statement harmful to the interests of
[Finley] . . . intend[ing] for publication of the statement to
result in harm." Wagner, 139 S.W.3d at 302 (quoting Restatement
(Second) of Torts § 623A). Finley therefore has failed to state
a claim for injurious falsehood, and Count IV is dismissed.

18

### 5. Count V, Disclosure Violations Under 12 C.F.R. § 226 ("Regulation Z"), Is Dismissed

Finley next alleges disclosure violations under 12 C.F.R. § 226, also known as Regulation Z of the Truth in Lending Act. Original Compl. ¶¶ 115-119; 12 C.F.R. § 226.1(a). Regulation Z contains numerous disclosure requirements with respect to the terms and costs of consumer credit transactions. Id. § 226.1(b). Under 15 U.S.C. § 1640(e), the statute of limitations expires "one year from the date of the occurrence of the violation" of Regulation Z. Gray v. Home Bank of Tenn., No. 94-5817, 1995 WL 35660, at *2 (6th Cir. Jan. 30, 1995).

As an initial matter, Finley never alleges which actions any defendant took in violation of Regulation Z. Furthermore, none of his assertions that the Defendants kept him ignorant of the mortgage assignments informs this Court of how any defendant violated Regulation Z. See Original Compl. ¶¶ 13(IV), 24, 59, 64. Moreover, even assuming the last violation of Regulation Z occurred on the date Finley received his notice of default, May 10, 2010, his claim is time barred because he filed it almost two years after the last violation. See id. at 1. Therefore, Count V is dismissed.

### 6. Count VI, Violations of the FDCPA Under 15 U.S.C. § 1692, Is Dismissed

Additionally, Finley argues that Shapiro & Kirsch, WMC, and MERS violated the FDCPA under 15 U.S.C. §§ 1692a, 1692f, and

19

1692k. Id. ¶¶ 120-131. As discussed above, these sections apply to debt collectors rather than creditors. See 15 U.S.C. §§ 1692e, 1692f, 1692k. A creditor "offers or extends credit creating a debt or to whom a debt is owed, but . . . does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. § 1692a(4). A creditor's officers or employees who act in the creditor's name are not debt collectors. Id. § 1692a(6)(A). Similarly, any person who obtained a debt which was not in default at the time it was obtained is not a debt collector. Id. § 1692a(6)(F)(iii).

Finley alleges that MERS, WMC, and Shapiro & Kirsch are debt collectors. Original Compl. ¶¶ 120-131. MERS is a nominee trust, however, not a debt collector. Collins, 2012 WL 610191, at *7. Further, Finley does not allege any facts showing that Shapiro & Kirsch or WMC were "a business whose 'principal purpose' is debt collection, or [which] regularly collects or attempts to collect debts owed to another." Montgomery, 346 F.3d at 699-701 (finding that defendant bank was not a debt collector when initiating proceedings to repossess the plaintiff's car when that car represented the collateral for the defaulted loan). Additionally, Finley's conclusory allegation that "[a]ttorneys who regularly engage in debt collection or debt collection

20

litigation are covered by the FDCPA," Original Compl. ¶ 84,
without asserting how Shapiro & Kirsch regularly engages in debt
collection or debt collection litigation, is insufficient to
state a claim upon which relief can be granted. Accordingly,
Count VI is dismissed.

### 7. Count VII, Slander of Title and Quiet Title Is Dismissed in Part

#### a. The Claim for Slander of Title Is Dismissed

Finley alleges two final claims in Count VII: slander of
title and quiet title. Original Compl. ¶¶ 132-141. To establish
a claim for slander of title, a plaintiff must show "(1) that it
has an interest in the property, (2) that the defendant published
false statements about the title to the property, (3) that the
defendant was acting maliciously, and (4) that the false
statements proximately caused the plaintiff a pecuniary loss."
Brooks v. Lambert, 15 S.W.3d 482, 484 (Tenn. App. Ct. 1999)
(quoting Harmon v. Shell, Nos. 1409, 01-A-01-9211CH00451, 1994 WL
148663, at *4 (Tenn. App. Ct. Apr. 27, 1994)). Allegations of
malice must be stated "in express terms or [by] any such showing
of facts as would give rise to a reasonable inference" that the
defendant acted with malice. Waterhouse v. McPheeters, 145
S.W.2d 766, 767 (Tenn. 1940).

Beyond the bare statement that the Defendants acted
maliciously, Finley has alleged no facts showing how the
Defendants acted in this manner. Original Compl. ¶ 133.

Moreover, Finley has not alleged any facts showing that any Defendant published false statements about the title to his property. Accordingly, this claim is dismissed.

### b.  The Claim for Quiet Title Is Not Dismissed

Finally, Finley asserts a quiet title claim under Tennessee Code Annotated section 29-29-101. This section states that suit can be brought "in any court under its general equity jurisdiction to quiet, perfect, or adjudge the title to real estate, or to remove clouds from the title thereof." Tenn. Code Ann. § 29-29-101. To show a cloud on the title, Finley asserts that none of the Defendants has the right to foreclose on his property because when the mortgage was securitized, the note and mortgage were forever destroyed. Original Compl. ¶¶ 22-56. Moreover, because the note was destroyed, Finley alleges that any assignment to Kondaur was invalid and that Kondaur is thus attempting to foreclose on Finley's house illegally. Id. ¶¶ 64-74. As such, he requests this Court to remove the clouds to his title. Id. ¶¶ 132-141.

Although other sessions of this Court have recently found similar arguments unpersuasive, see Gibson v. Mortg. Elec. Registration Sys., Inc., No. 11-2173-STA, 2012 WL 1601313, at *4-5 (W.D. Tenn. May 7, 2012) (Anderson, J.), this Court possesses insufficient information on which to dismiss this claim. First and foremost, no party has provided this Court with

22

information regarding the entity which now has legal possession of the note and the mortgage.

Accordingly, Kondaur is directed to provide this Court with the following:

1. The mortgage note with an accounting of all payments made thereon, as well as an affidavit demonstrating the validity of the assignment of the note to Kondaur.

2. A record of the legal title to the subject property which demonstrates that Kondaur now holds such legal title. Should such title run through MERS as nominee trust, Kondaur must demonstrate that the party who extracted title from MERS then held the mortgage note and thus had authority to act as trustee of the MERS nominee trust.

3. Evidence that, at the time Kondaur or its agent commenced foreclosure proceedings, Kondaur possessed both the note and the legal title and that the party in charge of the foreclosure proceeding was fully authorized to modify, settle, and compromise both the mortgage and the note.

Upon receipt of this information, further proceedings on this aspect of the motion to dismiss will proceed as a motion for summary judgment.

## D. Procedural Issues

There are two additional procedural issues in this case: (1) Finley's notice of removal of a state unlawful detainer case and

(2) disposition of WMC and BAC, who have not yet filed any appearances or motions in this matter.

## 1. Finley's Notice of Removal of an Additional State Unlawful Detainer Case

On July 2, 2012, Finley sought to remove to this Court a Tennessee state action for unlawful detainer. Finley Removal. Finley based this notice of removal upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Id. at 1. He claimed that because the unlawful detainer pertains to the property at issue here, the unlawful detainer case stems from the "same case or controversy." Id. at 2.

Finley also sought to remove the same unlawful detainer case in another action on July 3, 2012. See Kondaur Capital Corp. v. Finley, No. 2:12-cv-02535-JTF-dvk, Notice Removal Fed. Ct., ECF No. 1. On October 1, 2012, the district court granted Kondaur's motion to remand that case. Order Granting Pl.'s Mot. Remand, Order Remanding Case Shelby Cnty. Gen. Sessions Ct., & Order Den. Pl.'s Mot. Dismiss Moot, ECF No. 16. Similarly, Kondaur, MERS, and Shapiro & Kirsch oppose removal of the unlawful detainer case to this Court for three reasons: (1) no federal question exists in the unlawful detainer case, (2) procedural deficiencies with removal prevent this Court from accepting the case, and (3) the removal should be stricken as moot. Defs.' Resp. Objection Pl.'s Notice Removal Unlawful Detainer Case 2-3.

24

"[T]o determine whether a claim arises under federal law, a court, under the 'well-pleaded complaint' rule, generally looks only to the plaintiff's complaint." Palkow v. CSX Transp., Inc., 431 F.3d 543, 552 (6th Cir. 2005) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)). Where "the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable." Id. at 552. In keeping with the "constitutional establishment of a federal government of limited powers," federal courts must be cautious to guard their jurisdictional borders. Id. at 554; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). As such, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 (6th Cir. 2000) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

The unlawful detainer warrant at issue in Kondaur Capital Corp. v. Finley is based entirely on state law. See Detainer Warrant. Moreover, there is no "substantial federal question of great federal interest" in this state case because its only federal characteristic is the fact that the same property which Finley allegedly unlawfully detains is subject to proceedings in federal court. See Finley Removal 2; Palkow, 431 F.3d at 554 ("The only 'federal' aspect of Plaintiff's civil perjury claim is

25

the fact that the alleged perjury occurred in a federal court action. There is no 'federal question' that needs to be resolved in order to resolve Plaintiff's state-law claim.").[4] Therefore, this Court remands the unlawful detainer case to state court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

## 2. Disposition of Defendants WMC and BAC

WMC and BAC, named as defendants in Finley's complaint, have neither entered any appearances nor made any original filings in this matter. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," default is mandatory. Fed. R. Civ. P. 55(a). This Court cannot enter default, however, without proof of proper service. See Yox v. Durgan, 298 F. Supp. 1365, 1366-67 (E.D. Tenn. 1969) (Neese, J.) (determining whether entry of default is appropriate by determining whether service and notice were proper under the relevant Tennessee statutes and Federal Rule of Civil Procedure 4); Wright & Miller, 10A Fed. Practice & Procedure § 2682 (3d ed. 2012) ("Before a default can

---

[4] Although the foreclosure proceedings are not before the Court at this time, this Court recognizes the complexity of such proceedings. See generally Richard Gage, A Remedy Foreclosed? Mortgage Foreclosure and the Fair Debt Collection Practice Act, 81 Fordham L. Rev. 283, 284-317 (2012) (discussing the FDCPA's purpose and effect, procedures, and the disagreement amongst courts on whether the FDCPA applies to mortgage foreclosures).

be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnotes omitted)). A plaintiff must show "by affidavit or otherwise" that default is appropriate. Fed. R. Civ. P. 55(a); see Fisher v. Taylor, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) (Darr, J.).

Although WMC and BAC have failed to plead or otherwise defend, Finley has at present provided this Court with no evidence of service upon WMC and BAC. Without such evidence, this Court cannot enter default. See Yox, 298 F. Supp. at 1366-67. Accordingly, Finley must file with this Court an affidavit showing proper service of process on WMC and BAC. See Fisher, 1 F.R.D. 448 ("Under Rule 55 . . . default should be entered by the clerk as of course without any application to the court, provided an appropriate affidavit is filed.").

## III. CONCLUSION

For the foregoing reasons, this Court DENIES Finley's motion for leave to amend his complaint, DENIES Shapiro & Kirsch's motion to dismiss as untimely, GRANTS Kondaur and MERS' joint motion to dismiss as to Counts I, II, III, IV, V, VI, and the slander of title claim within Count VII, DENIES Kondaur and MERS' joint motion to dismiss as to the quiet title claim within Count VII, DENIES Finley's removal of the additional state case, and REMANDS that case to state court. Additionally, this Court

27

orders Finley to present to this Court an affidavit pursuant to
Federal Rule of Civil Procedure 55(a) showing that WMC and BAC
were properly served and thus that this Court should enter
default against them. Kondaur shall file the additional
materials required of it within thirty days of the date of this
Order, whereupon the quiet title claim will be further considered
as a motion for summary judgment. This equitable case is placed
on the Court's April 2013 running trial list.

**So ordered.**

William L. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

**Date:** December 19, 2012

---

[5] Of the District of Massachusetts, sitting by designation.
Clerk's Notes, June 21, 2012, ECF No. 18.